IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | C.A. No. 1:20-CV-00406 |
| Plaintiff, | ) ) | |
| v. | ) ) | **C O M P L A I N T** |
| THOMPSON CONSTRUCTION GROUP, INC., | ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race, African American, and to provide appropriate relief to Michael Thaxton ("Thaxton"), who was adversely affected by those practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("Commission") alleges that Thompson Construction Group, Inc. ("Defendant") discharged Thaxton, who is African American, because of his race, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, a South Carolina corporation, has continuously been doing business in the State of North Carolina and the municipality of Semora, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Thaxton filed a charge with the Commission alleging violations of Title VII by Defendant. Defendant responded to Thaxton's charge and participated in all aspects of the Commission's administrative investigation.

7. On September 24, 2019, the Commission issued to Defendant a Determination finding reasonable cause to believe that Title VII was violated and inviting

Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

9. Defendant participated in the Commission's conciliation efforts.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On January 14, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. As described in greater particularity below, on or about November 5, 2018, Defendant engaged in unlawful employment practices at its worksite in Semora, N.C., in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-(2)(a)(1), by discharging Thaxton because of his race, African American.

14. Defendant hired Thaxton in or around late July 2018 as a pipefitter foreman to work at Defendant's power plant construction site in Semora, N.C. (the "Site"). Defendant initially assigned Thaxton to work first shift where he supervised a crew installing pipe.

15. Of the approximate ten supervisors who worked for Defendant at the Site, Thaxton was the only African American.

16. In late September or early October 2018, Defendant transferred Thaxton to work second shift as a pipefitter foreman at the Site. On second shift, Thaxton supervised a crew of five employees, including two pipefitters.

17. One or more of the pipefitters assigned to Thaxton's crew on second shift, including R.D.,[1] had previously been assigned to Thaxton's crew on first shift.

18. While assigned to Thaxton's crew on first shift, R.D. had performance issues which required Thaxton to supervise R.D. closely. Thaxton made Defendant aware of R.D.'s conduct issues and requested that R.D. be removed from his crew.

19. At or around the time Defendant transferred Thaxton to work the second shift, Defendant transferred R.D. to work on the second shift on Thaxton's crew.

20. At all relevant times, Thaxton directly supervised R.D.

21. On or around November 2, 2018, R.D. engaged in insubordinate behavior towards Thaxton, to include yelling at Thaxton over the company radio.

22. On or around November 3, 2018, during the course of work, R.D. screamed at Thaxton and made abusive and racially derogatory comments to Thaxton. Thaxton did not engage R.D.

23. On or around November 3, 2018, following the above-described incident,

---

[1] With the exception of Thaxton, each individual referenced "by name" in this complaint shall be identified by his/her initials.

Defendant removed R.D. from the Site because of R.D's behavior.

24. Thaxton was not scheduled to work at the Site on November 4, 2018.

25. On or around November 4, 2018, Defendant discharged R.D. because of his behavior toward Thaxton.

26. On or around November 5, 2018, Defendant discharged Thaxton when Thaxton arrived at work.

27. On information and belief, Defendant does not discharge Caucasian foremen who have verbal disputes with subordinate employees.

28. On information and belief, Defendant has not terminated any Caucasian pipefitter foreman from the Site for reasons similar to the reasons it discharged Thaxton.

29. The effect of the practices complained of above has been to deprive Thaxton of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race, African American.

30. The unlawful employment practices complained of above were intentional.

31. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Thaxton.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, which discriminates against an employee or applicant because of their race.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities regardless of race, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Thaxton, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring or, in the alternative, front pay.

D. Order Defendant to make whole Thaxton by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices describe above, in amounts to be determined at trial.

E. Order Defendant to make whole Thaxton whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses pain, in amounts to be determined at trial.

F. Order Defendant to pay Thaxton punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 7th day of May, 2020.

                                           Respectfully submitted:

                                           **U.S. EQUAL EMPLOYMENT**
                                           **OPPORTUNITY COMMISSION**

                                           SHARON FAST GUSTAFSON
                                           General Counsel
                                           131 M Street, NE
                                           Washington, DC 20507

                                           GWENDOLYN YOUNG REAMS
                                           Associate General Counsel

                                           **s/ *Kara Gibbon Haden***
                                           KARA GIBBON HADEN
                                           NC Bar No. 26192
                                           Acting Regional Attorney
                                           Charlotte District Office

                                           KATHERINE J. CHRISTY
                                           IL Bar No. 6282803
                                           Acting Supervisory Trial Attorney
                                           Charlotte District Office

                                           **s/*Rachael S. Steenbergh-Tideswell***
                                           RACHAEL S. STEENBERGH-TIDESWELL
                                           SC Federal Bar No. 10867
                                           Senior Trial Attorney
                                           Charlotte District Office
                                           129 West Trade Street, Suite 400
                                           Charlotte, North Carolina 28202
                                           Telephone: (980) 296-1274
                                           Facsimile: (704) 954-6412
                                           Email: rachael.steenbergh@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**